**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| VELOCITY EXPRESS CORP., | Civil No. 03-2456 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE** |
| NEXTEL OF TEXAS, INC., | |
| Defendant. | |

---

Perry M. Wilson and Angela M. Hall, **DORSEY & WHITNEY, LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for plaintiff.

Edward F. Fox, Alan I. Silver, Ann Claire Phillips, and Susan E. Gustad, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, for defendant.

Plaintiff Velocity Express Corp. ("Velocity") is engaged in a contract dispute with defendant Nextel of Texas, Inc. ("Nextel"), regarding the amount of money Velocity owes Nextel for mobile phone services. This matter is before the Court on plaintiff's appeal from the June 21, 2005 Order of United States Magistrate Judge Franklin L. Noel, denying defendant's Motion to Strike the Expert Testimony and Report of James Bartholomew. An order of a Magistrate Judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2). For the following reasons, the Court denies plaintiff's appeal.

**BACKGROUND**

Nextel is a mobile phone company. From roughly 1998 to 2003, Velocity contracted with Nextel to provide it with mobile phones for its employees and independent contractors. The parties are currently engaged in a dispute regarding the amount of money Velocity owes Nextel for mobile phone services. One of the issues in the payment dispute is whether Nextel correctly charged Velocity for the phones Nextel provided.

Velocity offers James Bartholomew as an expert witness. Bartholomew has worked as a CPA or auditor for a number of years, and performed an analysis of the Nextel invoices to Velocity. Based on his analysis of the invoices, Bartholomew has formed an opinion regarding the propriety of certain charges to Velocity, as well as the amount of money Velocity owes Nextel. Nextel brought a motion to strike Bartholomew as an expert witness, arguing that he was not competent to perform the statistical analysis he claims to have performed, and that his report is unreliable. Velocity opposed the motion. Magistrate Judge Noel heard the motion on June 17, 2005 and issued an Order denying Nextel's motion to strike on June 21, 2005.

**ANALYSIS**

The admissibility of expert testimony is governed by Rules 702 and 703 of the Federal Rules of Evidence. Under Rule 702, proposed expert testimony must satisfy the following three prerequisites to be admitted (1) evidence based on scientific, technical, or specialized knowledge must be useful to the finder of fact in deciding the ultimate issue

of fact; (2) the proposed witness must be qualified; (3) the proposed evidence must be reliable or trustworthy in the evidentiary sense, so that if the finder of fact accepts it as true, it provides the assistance the finder of fact requires. *Lauzon v. Senco Prods. Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). The district court has a "gatekeeping" obligation to make certain that all testimony admitted under Rule 702 "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 597-98 (1993) (citing Fed. R. Evid. 104(a)); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 146 (1999) (extending *Daubert* to technical and other specialized expert testimony). In its gatekeeper role, the trial court has "substantial latitude to determine whether specific expert testimony is reliable." *United States v. Reed & Sons P'ship*, 280 F.3d 1212, 1215 (8th Cir. 2002); *In re Air Crash at Little Rock, Ark.*, 291 F.3d 503, 514 (8th Cir. 2002). Trial courts should apply the principle that "[e]xpert testimony is admissible if it is reliable and will help the jury understand the evidence or decide a fact in issue." *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1060 (8th Cir. 2002).

An expert's testimony "need not relate directly to the ultimate issue that is to be resolved by the trier of fact, it only need be relevant to evaluating a factual matter." *Smith v. BMW N. Am., Inc.*, 308 F.3d 913, 919 (8th Cir. 2002); *see also Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998) (experts offering a global understanding of the possible causes of an injury are useful to a jury). Expert testimony also must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1055 (8th Cir. 2000). "A court may conclude that there is simply too great an analytical gap between the data and the opinion

proffered" for the opinion to be useful to the jury. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). However, doubts regarding usefulness should generally be resolved in favor of admissibility. *Clark*, 150 F.3d at 915.

Nextel argues that Bartholomew is "unreliable" and therefore should be excluded as an expert witness. Although Bartholomew is a CPA and has worked as an auditor for a number of years, Nextel asserts that his expert report provides a statistical analysis, and that his lack of education, experience, and expertise in statistics makes him unqualified to perform a statistical analysis. Nextel further claims that Bartholomew's expert report is based on faulty assumptions and uses incorrect methodologies. For example, Nextel objects to Bartholomew's selection of 49 sample invoices for statistical analysis, and his assumption that Velocity should have received a 10% discount on its invoices from Nextel.

Velocity responds that the analysis Bartholomew provided for the expert report is "similar" to the work he performs as a CPA. As for the 49 sample invoices, Velocity states that these 49 invoices were never intended to be a statistically significant analysis, but rather were simply used to "get an understanding" of the invoices. Bartholomew's final statistical analysis looked at 101 sample invoices, with a regression analysis, in order to extrapolate Velocity's total claimed overcharges. Finally, Velocity argues that,

under the parties' agreements, it was entitled to a 10-11% discount, and that Bartholomew's use of that assumption does not render his report "unreliable."[1]

In his Order, the Magistrate Judge held that Bartholomew's report and testimony satisfies the requirements of Federal Rule of Evidence 702. The Magistrate Judge noted that Bartholomew's analysis in this case is similar to the work he performs as a CPA, and that the alleged mistakes and flaws in Bartholomew's assumptions go to the weight, rather than the admissibility, of the evidence. Further, the Magistrate Judge found that Bartholomew's report and testimony may be useful to a trier of fact.

The Court holds that the Magistrate Judge's denial of the motion to strike was not "clearly erroneous." There is nothing to indicate that Bartholomew does not perform a "similar" kind of analysis in his work as a CPA or auditor, nor is there anything to suggest that he is an unqualified accountant or auditor. Nextel's disagreements with Bartholomew's report and testimony may be addressed through cross-examination.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's Order of June 21, 2005 [Docket No. 98] is **AFFIRMED.**

DATED: August 26, 2005　　　　　　　　　　　　s/John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Velocity apparently declined to individually analyze the thousands of pages of invoices for overcharges, but instead chose to rely on Bartholomew's analysis and opinion regarding the claimed overcharges.